■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONELL LOGAN, Also Known as DICK JAMES, Appellant. [717 NYS2d 549] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered September 8, 1997, convicting defendant, after a jury trial, of one count of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree and sentencing him, as a persistent violent felon, to two concurrent indeterminate prison terms of 12 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

During voir dire, one of the prospective jurors told the court that 15 years earlier he had seen a friend robbed at knifepoint. He had reported the incident to the police but as far as he knew no arrest had been made. When the court asked if anything about that incident would affect his fairness in this case, the prospective juror responded, "I'm not sure. I don't think so, but, you know, it was sort of frightening." He stated that his other experience with crime was the theft of his car. He had reported the theft, but the car had never been found. When the court asked whether that incident would affect his ability to be fair in this case, he responded, "No[.] [L]ess so than the other one, if anything."

In response to further examination by defense counsel about whether witnessing a violent crime might prevent him from being fair, the prospective juror answered, "I would love to say no, but then I wouldn't be honest. I think when you are a victim of a crime and you see a best friend or loved one with a knife to their throat and their hand is cut, you kind of—it sort of stays with you. I think I could intellectually detach myself. I think I can do that, but emotionally—it is not recent."

When the court denied defendant's challenge for cause, defendant used one of his peremptory challenges to remove the prospective juror from the jury. He exhausted his peremptory challenges before jury selection was complete.

The Criminal Procedure Law permits a challenge for cause to a prospective juror on the ground that "[h]e has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). A prospective juror who openly states that he doubts his own ability to be impartial and cannot unequivocally promise to set aside his bias should be removed for cause (*People v Johnson*, 94 NY2d 600, 614).

The challenged juror here stated openly that he could not honestly give assurance that his own frightening experience with crime would not compromise his ability to be fair. Indeed, his final statement, that he could detach himself intellectually but not, even after 15 years, emotionally, reflects his recognition of how profoundly he was affected by that experience. In evaluating a prospective juror's ability to be fair, the trial court must consider the full record of what he actually said (*id.*, at 615-616). The challenged juror never unequivocally promised to set aside his bias. He should have been removed for cause.

Since defendant used one of his peremptory challenges against the prospective juror and then exhausted his peremptory challenges before jury selection was complete, the court's improper denial of defendant's challenge for cause constitutes reversible error, and a new trial is required (CPL 270.20 [2]).

We do not reach the remaining issues raised by defendant. Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.