■ The People of the State of New York, Respondent, v Gerald Johnson, Appellant. [723 NYS2d 661] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered on or about August 20, 1999, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice.

We have considered the arguments raised in defendant's *pro se* supplemental brief and find them to be without merit. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.

■ The People of the State of New York, Respondent, v Rafael Melendez, Appellant. [723 NYS2d 667] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered January 26, 1998, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The photograph of the lineup reveals that the fillers were sufficiently similar to defendant and that there was no substantial likelihood that defendant would be singled out (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional (*People v Rosen*, 96 NY2d 329; *Almendarez-Torres v United States*, 523 US 224; *compare, Apprendi v New Jersey*, 530 US 466). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.