■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR FELICIANO, Appellant. [726 NYS2d 658] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered June 2, 1998, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror who had been a victim of several property crimes in the past. The prospective juror's crime victim status, standing alone, did not constitute actual bias and she did not express any doubt about her ability to be fair and impartial (*see, People v Johnson,* 94 NY2d 600; *People v Williams,* 63 NY2d 882, 883-884; *compare, People v Arnold,* 96 NY2d 358 [where juror had expressed such doubt]). The juror's victimization occurred far in the past, involved different types of crimes than those charged against defendant, and, unlike such cases as *People v Logan* (277 AD2d 145), did not appear to have had any emotional impact on the juror. Since she gave no indication of a state of mind likely to preclude impartial service in the first place, her repeated use of expressions such as "try to be fair" did not warrant disqualification.

Likewise, the court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror who stated, in response to voir dire by defense counsel, that "I think it is important to hear both sides of the story." While a prospective juror's statement that it is "important to hear both sides" might appear to be an assertion of a defendant's obligation to present a defense, here, any ambiguity was immediately resolved when the juror, in his own words, demonstrated unequivocal knowledge of and acceptance of the principle that the People have the burden of proving a defendant's guilt beyond a reasonable doubt while a defendant has no obligation to testify or present evidence. Defense counsel seems to have been satisfied by the prospective juror's response since he chose not to ask a follow-up question or ask the court to inquire further.

The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional (*see,*

*People v Rosen*, 96 NY2d 329; *Almendarez-Torres v United States*, 523 US 224; *compare, Apprendi v New Jersey*, 530 US 466). Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.