■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC JONES, Appellant. [731 NYS2d 429] —Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression hearing; Bonnie Wittner, J., at jury trial and sentence), rendered June 15, 1999, convicting defendant of auto stripping in the second degree and two counts of possession of burglar's tools, and sentencing him, as a second felony offender, to

concurrent terms of 2 to 4 years, 1 year, and 1 year, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. Having observed defendant exit and walk away from a vehicle whose alarm system had just been activated, behavior that, as the hearing court observed, "is completely contrary to the conduct of a person lawfully occupying or using" such vehicle, the officer had reasonable suspicion to stop and detain him for investigative purposes, and was entitled to pat him down. Upon feeling hard objects inside defendant's jacket and being aware that he may have committed a crime involving potentially dangerous instruments, the officer was justified, for safety reasons, in removing what turned out to be a wrench and a screwdriver and handcuffing the suspect (*see, People v Burks*, 235 AD2d 373, *lv denied* 89 NY2d 1033). Since the cell phone fell or was discarded from defendant's person while he was in lawful custody, the recovery of that device was proper. Finally, the police observation of the vehicle's broken window demonstrated unlawful entry into that vehicle and provided probable cause to arrest defendant.

Since defendant did not articulate the basis for his challenge for cause to a prospective juror, defendant's contention that the court should have granted that challenge is unpreserved, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the panelist did not exhibit any bias or inability to follow the court's instructions (*see, People v Feliciano*, 285 AD2d 371), but was merely seeking clarification of matters of law that had been addressed by the court and counsel. Concur—Nardelli, J. P., Lerner, Rubin, Saxe and Marlow, JJ.