OPINION OF THE COURT
John A.K. Bradley, J.
The defendant Oliver West moves pursuant to CPL 440.20 (1) to set aside his sentence on the grounds that the procedures used to sentence him as a discretionary persistent felony offender violated the Due Process Clause of the United States Constitution, as interpreted by the Supreme Court of the United States in Apprendi v New Jersey (530 US 466 [2000]). The defendant has engaged in a 14-year series of appeals and federal habeas proceedings but raises this claim for the first time. Apprendi was decided in 2000 so that the principles espoused therein were not previously available to the defendant.
In order to target recidivist offenders, various jurisdictions have enacted two essential types of what may be referred to as sentence enhancing regimes. One, in which certain factors lead to the establishment of enhanced minimum sentences have generally been upheld under constitutional scrutiny. That may be because they do not actually function by increasing the range of sentences available to the sentencing judge. Rather, they function within the range of sentences set by the Legislature for a particular offense, and actually limit the judge’s discretion within that range.
New York’s discretionary offender scheme, however, follows the alternative approach, in which prior convictions, combined with other factors, actually raise the sentencing range, often guaranteeing that the defendant will be sentenced to a harsher sentence than the maximum otherwise available for the crime for which he was convicted. Under New York law, in order to sentence a defendant as a discretionary persistent felony offender under CPL 400.20 and Penal Law § 70.10 (2), the court must first conclude that the defendant had previously been convicted of two or more felonies for which a sentence of more than one year had been imposed. After making this assessment, the court may conduct a factual hearing to determine whether matters pertaining to the defendant’s history and character and the nature and circumstances of his criminal conduct justifies enhanced sentencing as a persistent felony offender. This determination is not subject to the “beyond a reasonable doubt” standard which is applicable to the jury’s consideration of the defendant’s guilt. Rather, the sentencing judge may make this *334 determination using the “preponderance of the evidence” standard. (CPL 400.20 [5].)
In this case, defendant was convicted of rape and sodomy in the first degree. The trial court first determined that the defendant had previously been convicted of assault and battery, assault with intent to rob, and wantonly pointing a firearm; the defendant also had a prior conviction for first degree sodomy and rape.
The trial court then held a hearing to determine whether the other necessary factors in fact justified the sentence enhancement of a predicate felony offender.
In Apprendi, the Supreme Court of the United States considered the validity of a mandatory upward departure in sentencing range when the judge found by a preponderance of the evidence that the crime was in the nature of a bias crime. The Court found the sentencing scheme violative of due process because “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and [judged against the] reasonable doubt standard” (at 489). However, recognizing that it was properly the province of the sentencing judge to consider matters of a factual nature in imposing sentence, the Supreme Court found that in addition to being permitted to find the fact of prior convictions, the Court could still find those facts which guided the precise sentence to be imposed within the legislatively prescribed range.
In People v Rosen (96 NY2d 329 [2001]), the New York Court of Appeals was presented the question, post-Apprendi, whether the discretionary persistent felony offender provisions comported with the reasoning of the United States Supreme Court. The Court of Appeals found the procedures to pass constitutional muster because the Court found that the sole determining factor in whether enhanced sentencing was proper was the fact of prior convictions. In the view of the Court of Appeals, in making the secondary determination of factual findings, the court was only performing the traditional role of a sentencing court in fixing the precise sentence within the statutory range.
On at least two occasions since Rosen was decided, however, the federal courts, acting under their habeas powers, have found the reasoning in Rosen to be flawed, and have declared the persistent felony offender sentencing provisions to be unconstitutional under Apprendi. (See Brown v Greiner, 258 F Supp 2d 68 [2003]; Rosen v Walsh, US Dist Ct, ED NY, Hellerstein, J., Index *335 No. 02-7782.) This court agrees with the reasoning of these courts and finds that the persistent felony regime cannot withstand constitutional scrutiny. The court in Brown found that the Court of Appeals finding that a prior conviction was the sole determinate of whether a defendant would be subject to enhanced sentencing to be “descriptively inaccurate” because it “could not be clearer that the prior felony convictions are not the sole determinant” of whether a defendant could be sentenced as a persistent felony offender. (Brown at 91.) Rather the court must make the factual findings called for by the statute, after a hearing, before an enhanced sentence can be imposed. Further, the court in Brown concluded that the Rosen court’s determination that in making the factual findings required the court was merely fulfilling its traditional sentencing role is wrong. The Supreme Court rejected the validity of any scheme in which the court actually engages in contested fact-finding in order to trigger a range of enhanced sentences. Thus, if this court were free to render a decision unfettered by its role as a trial court, the inquiry would end here and this court would vacate the sentence of defendant. However, other considerations come into play.
Ordinarily, under well-founded jurisprudential principles, notwithstanding that lower tier federal courts find a state statute unconstitutional which the New York Court of Appeals has found explicitly to be constitutionally sound, this court is duty bound to follow the ruling of the highest court of this state unless and until its holding is disapproved by the United States Supreme Court, the Court of last resort and review of New York Court of Appeals decisions. (See People v Kin Kan, 78 NY2d 54 [1991].) However, subsequent to Rosen the United States Supreme Court made clear beyond peradventure that Rosen’s analysis cannot stand. (Ring v Arizona, 536 US 584 [2002].) In Ring, the United States Supreme Court invalidated Arizona’s death penalty scheme, which allowed the sentencing judge to determine whether an aggravating circumstance had been proven. The Supreme Court held that “[i]f a State makes an increase in a defendant’s authorized punishment contingent on the finding of a fact, that fact — no matter how the State labels it — must be found by a jury beyond a reasonable doubt.” (Ring at 585-586.) The Court held that “all facts essential to imposition of the level of punishment that the defendant receives— whether the statute calls them elements of the offense, sentencing factors, or Mary Jane — must be found by the jury beyond a *336 reasonable doubt” (Ring at 610). With this sweeping pronouncement, the Supreme Court implicitly rejected the holding of the Rosen court that the persistent felony offender required fact-finding could somehow be considered to be the province of the court rather than the jury, as well as its conclusion that a preponderance of the evidence standard could be applied to this determination. Because the highest court in the land has spoken, this court need not follow the flawed holding of Rosen. The court thus vacates the sentence imposed and will resentence the defendant.