■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PHILLIPS, Appellant. [768 NYS2d 812]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered January 13, 2000, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent felony offender, to a term of 16 years to life, and order, same court and Justice, entered on or about June 25, 2003, which denied defendant's motion to set aside the sentence, unanimously affirmed.

The court properly denied defendant's request for a circumstantial evidence charge because the evidence that defendant committed the robbery was both circumstantial and direct (see *People v Roldan*, 88 NY2d 826 [1996]). In any event, were we to find any error, we would find it to be harmless in view of the overwhelming evidence of defendant's guilt (see *People v Brian*, 84 NY2d 887, 889 [1994]).

The court properly denied defendant's motion to set aside his sentence as a discretionary persistent felony offender, made on the ground that the procedure under which it was imposed involved unconstitutional factfinding by the sentencing court in violation of *Apprendi v New Jersey* (530 US 466 [2000]). We need not decide whether *People v Rosen* (96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]), to the extent that it upholds the constitutionality of the discretionary persistent felony offender procedure, conflicts with *Ring v Arizona* (536 US 584 [2002]), because the particular facts upon which the sentencing court based its determination were all permissible under *Apprendi*, in that they constituted facts found by the jury in the instant case, prior convictions and undisputed matters of record.

The arguments contained in defendant's pro se supplemental brief are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.