*272 OPINION OF THE COURT
Marcy L. Kahn, J.
I. Background
On October 16, 2003 following a jury trial before this court, defendant was convicted of robbery in the second degree (Penal Law § 160.10 [2] [a]), a class C violent felony offense. On November 13, 2003, the date set for defendant’s sentencing hearing, the People filed a statement of two or more predicate violent felony convictions (the predicate statement), alleging that defendant had been convicted upon his plea of guilty to attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]), a class D violent felony offense, in New York County Supreme Court on October 20, 1989; and that he had also been convicted of assault in the first degree (Penal Law § 120.10 [4]), a class B violent felony offense, in Kings County Supreme Court on January 18, 1994, also by plea of guilty.[1]
On this motion, defendant did not challenge the facts or the constitutionality of the prior convictions contained in the predicate statement, each of which was to a violent felony and each of which was entered upon defendant’s plea of guilty. Rather, on the instant motion defendant sought a ruling from this court that the mandatory persistent violent felony sentencing scheme of Penal Law § 70.08 is unconstitutional, and contending that it violates the notice and jury trial requirements of the Sixth and Fourteenth Amendments to the United States Constitution under Apprendi v New Jersey (530 US 466 [2000]).[2] The People opposed defendant’s motion, relying principally on the decision of the New York Court of Appeals in People v Rosen (96 NY2d 329 [2001], cert denied 534 US 899 [2001]).[3]-
On March 10, 2004, this court denied the defendant’s motion, and, after making the findings required by CPL 400.16 and *273 400.15, sentenced him as a persistent violent felony offender to a term of 16 years to life in state prison. This written decision explains that ruling.
II. Discussion
A. The Parties’ Contentions
On the instant motion, defendant contends that the Supreme Court in Apprendi v New Jersey (supra), either implicitly overruled, or substantially limited, its earlier holding in Almendarez Torres v United States (523 US 224 [1998]), a case which permitted enhanced sentencing based upon a judicial finding of prior convictions, in a fashion which makes the New York statutory mandatory persistent violent felony sentencing scheme unconstitutional. Specifically, defendant argues that the Apprendi majority, in holding that any sentencing factor other than a prior conviction which enhances a defendant’s sentence must first be included in an indictment and found by a jury beyond a reasonable doubt, limited Almendarez-Torres to its “unique facts,” which defendant construes to require the establishment of the facts of the prior convictions through the defendant’s own guilty plea allocution in the case in which sentence is to be pronounced. Since in the instant case, defendant Miles did not admit to his two prior violent felony convictions during the course of a guilty plea allocution, and in fact, contested his guilt of the instant offense at a trial by jury, the exception of Almendarez-Torres is inapplicable, he claims, and Apprendi required the People to prove his two earlier violent felony convictions to the satisfaction of the jury beyond a reasonable doubt.
Defendant seeks to distinguish his case from Almendarez-Torres in a second way as well. Because sentence was imposed on one of his prior convictions more than 10 years before the commission of the instant offense, the finder of fact was required to make the additional determination that defendant served sufficient periods of incarceration to toll the running of the statutory 10-year period such that that conviction came within it. (Penal Law § 70.08 [1] [b]; § 70.04 [1] [b] [v].) As the sentencing statute allows that determination to be made by the judge rather than by a jury, defendant claims, the sentencing procedure in this case violates the rule of Apprendi and fails to come within any exception to it which may still be. extant under Almendarez-Torres.
The People, on the other hand, characterize Apprendi as having established that recidivism is an exception to its general *274 rule that any fact which increases a defendant’s sentence beyond the statutory maximum must be noticed in an indictment and found by the jury beyond a reasonable doubt. The People further argue that, even if Apprendi did apply to prior convictions, its reach would be limited to aggravating sentencing factors, i.e., a factor which increases a defendant’s sentence. They say that its application would not reach a ministerial determination that the sentences on the two predicate violent felony convictions were imposed not more than 10 years before the defendant’s commission of the violent felony for which he is now being sentenced. (Penal Law § 70.08 [1] [b]; § 70.04 [1] [b] [iv].) Finally, the People contend that the Court of Appeals, in People v Rosen (supra), and the Appellate Division, First Department, in People v Feliciano (285 AD2d 371 [1st Dept 2001], lv denied 96 NY2d 939 [2001]), have rejected Apprendi challenges to judicial enhancement of sentences based solely upon a defendant’s prior convictions.
B. New York’s Persistent Violent Felony Sentencing Scheme
Under New York’s criminal sentencing scheme, a defendant who stands convicted of a felony and who has previously been convicted of one or more felonies is subject to terms of imprisonment in excess of the statutory maximum for the crime of conviction. The sentences to which such individuals are subject depends upon the nature and number of the instant and previous felony conviction(s). Thus, enhanced penalties are generally required for second felony offenders (Penal Law § 70.06), second violent felony offenders (Penal Law § 70.04), second child sexual assault offenders (Penal Law § 70.07), persistent felony offenders (Penal Law § 70.10), and persistent violent felony offenders (Penal Law § 70.08).
In this case, the People filed the predicate statement {see CPL 400.15, 400.16) in support of their application for enhanced sentencing of the defendant as a persistent violent felony offender (Penal Law § 70.08). Commonly referred to as the mandatory persistent violent felony statute, Penal Law § 70.08 provides, in pertinent part:
“1. Definition of a persistent violent felony offender.
“(a) A persistent violent felony offender is a person who stands convicted of a violent felony offense . . . after having been subjected to two or more predicate violent felony convictions . . . .”
The statute incorporates by reference the requirements of Penal *275 Law § 70.04 (1) (b), which require that a predicate violent felony conviction be one “imposed not more than ten years before commission of the felony of which the defendant presently stands convicted,” excluding any period of time during which defendant is incarcerated for any reason between the time of the commission of the previous felony and the time of the commission of the present felony. (Penal Law § 70.04 [1] [b] [iv], [v].)
Application of the mandatory persistent violent felony statute raises the available sentencing range on a conviction of a class C violent felony offense from a determinate term of imprisonment from 3x/2 to 15 years (Penal Law § 70.02 [3]), to an indeterminate prison sentence having a minimum term of 10 to 25 years and a maximum term of life. (Penal Law § 70.08 [2], [3].)
When a defendant is subject to enhanced penalties under the persistent violent felony offender law, the Criminal Procedure Law requires the People to give notice of such eligibility prior to sentence by filing a statement with the court setting forth the date and place of each predicate violent felony offense. (CPL 400.15 [2]; 400.16 [2].) The defendant must be provided with a copy of the statement and may controvert any specific allegation it contains. (CPL 400.15 [3]; 400.16 [2].) The law provides for a hearing before a court without a jury to resolve any contested allegations in the statement. (CPL 400.15 [5], [6], [7]; 400.16 [2].) Uncontroverted allegations are deemed to have been admitted by the defendant. (Id.) Where the uncontroverted allegations in the statement are sufficient to support a finding that the defendant has been subjected to two or more predicate violent felony convictions, or where the evidence at a hearing supports such a conclusion, the court must enter such a finding and must sentence the defendant to the enhanced prison terms required by the applicable law. (CPL 400.15 [4], [7] [c]; 400.16 [2].)
C. The Almendarez-Torres Principle and Its Vitality After Apprendi
In Almendarez-Torres v United States (supra), the Supreme Court upheld a trial court’s finding that a defendant’s three prior convictions for aggravated felonies properly subjected him to a sentence in excess of the statutory maximum for the crime of conviction, notwithstanding the fact that the convictions had neither been included in the indictment nor found by a jury beyond a reasonable doubt. Specifically, in Almendarez-Torres, the Supreme Court held that the provisions of 8 USC § 1326 (b) (2), *276 which increased the maximum prison term for any foreign national who unlawfully returned to the United States after deportation and who had been deported based upon a conviction for an aggravated felony, constituted a penalty provision authorizing an enhanced sentence. As that section did not create a separate crime, nor did it constitute an element of the crime, the Court explained, the Government was not required to plead it in the indictment. The Court noted that although an “indictment must set forth each element of the crime” charged, statutes which authorize higher sentences for recidivists are almost uniformly viewed as setting forth “sentencing factors,” rather than as creating new crimes. (Almendarez-Torres v United States, supra, 523 US at 228, 230.) Additionally, the Court noted, requiring the prosecution to charge a previous conviction in the indictment and to prove the fact before a jury beyond a reasonable doubt risks significant prejudice to the defendant, as the jury would undoubtedly learn of such other crimes evidence. (Id. at 234-235.) Accordingly, the AlmendarezTorres court held that a prior conviction was to be treated as a sentencing factor, not as an element of the crime, and as such Fifth Amendment due process did not require that it be pleaded in an indictment in order for it to serve as the basis for enhancement of a defendant’s sentence.
Further clarifying its holding in that case, the Supreme Court the following year, in Jones v United States (526 US 227, 248 [1999]), had occasion to distinguish sentencing facts from factual elements in the context of a Sixth Amendment challenge to a federal statute which barred use of a firearm during a carjacking. The law in question provided for greater penalties to be imposed when the offense resulted in serious bodily injury or death, and the issue before the Court was whether such facts were separate offenses or whether they merely delineated sentencing factors exempt from the requirements of notice and jury unanimity.
In Jones, the Court observed that the additional facts were just as important as the facts alleged in the charged crime. It distinguished its decision in Almendarez-Torres, based upon the earlier decision’s reliance upon a long jurisprudential history of treating recidivism as a sentencing factor, and noted that the fact at issue in Jones, serious bodily injury, had traditionally been treated both by Congress and by state legislatures as a separate offense element. Finally, to rebut the dissenting opinion and succinctly state its view of the possible constitutional problems in upholding the law, the Court in Jones stated:
*277 [1]‘[Hinder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.” (Id. at 243 n 6.)
Although Jones was decided on the basis of statutory construction and not directly upon constitutional grounds, its Sixth Amendment analysis was soon adopted by the Court as constitutionally mandated.
In Apprendi v New Jersey (supra), the case upon which defendant principally relies, the Supreme Court faced a challenge to a sentence imposed under New Jersey’s hate crime statute, which had increased the penalty for firearms possession based upon a judicial finding that the defendant had acted with the intent to intimidate the victims based on their racial characteristics. In Apprendi, the Court discussed its earlier decision in Almendarez-Torres and, as defendant here correctly notes, did in fact state that it was “arguable that Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested.” (Apprendi v New Jersey, supra, 530 US at 489-490.) The Court also stated that because the issue of fact-finding as to a prior conviction was not before it in Apprendi, it would not then revisit the recidivist exception set forth in its decision in Almendarez-Torres. Lest there be any doubt as to its holding, the Apprendi court then stated, in unequivocal terms:
“confirming] the opinion that we expressed in Jones[, ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: ‘[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.’ ” (Apprendi v New Jersey, supra, 530 US at 490 [emphasis added; citations omitted].)
The Court in Apprendi thus maintained the view it had earlier expressed in Almendarez-Torres and Jones that other than the *278 fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be noticed in the indictment and found by a jury beyond a reasonable doubt. (Id., 530 US at 490.)
Defendant’s claim that the persistent violent felony sentencing scheme is unconstitutional because Apprendi limited Almendarez-Torres to its particular facts, i.e., to those prior convictions obtained through a plea of guilty, is without merit. There is no mention in the Apprendi court’s holding of restricting its rationale solely to those prior convictions which result from pleas of guilty. Moreover, it would make no sense to so limit the Apprendi holding, as prior convictions after trial are established beyond a reasonable doubt by a jury and possess the same level of trustworthiness as convictions obtained by guilty plea.
Defendant’s argument that he falls outside of AlmendarezTorres’s narrow exception because he has not, in the present litigation, admitted his two prior violent felonies, proves the point. His prior violent felony convictions, according to official court records, were obtained pursuant to his pleas of guilty in each case. How a requirement of his reassertion now of the guilty pleas he entered in 1989 and 1994 (and apparently has never contested subsequently) would make any difference in the reliability of the facts of those convictions is a proposition which completely eludes this court’s comprehension. His guilt of those two predicate violent offenses was freely admitted by him, upon the waiver of his right to jury trial in each case, at the time of each conviction. And his conviction in the instant case was pursuant to the unanimous verdict reached by a jury based upon proof beyond a reasonable doubt. Regardless of the narrowness of the Almendarez-Torres exception to Apprendi, then, the standards for finding defendant to be a persistent violent felony offender, i.e., the fact of his two prior violent felony convictions based upon the defendant’s own guilty pleas, together with his conviction of a third violent felony offense after trial by jury in the instant case, must come within it.[4] Nothing in the majority’s opinion in Apprendi suggests otherwise.
*279 When closely scrutinized, defendant’s argument actually reflects not the view of the Apprendi majority, but rather the position of Justice Thomas in his concurrence in Apprendi, joined by Justice Scalia, which argues for a “broader rule” than the one announced in the majority opinion. (People v Apprendi, supra, 530 US at 499 [Thomas, J., concurring op].) Justice Thomas argued that any fact which enhances a defendant’s sentence beyond the statutory maximum for the crime of conviction, including a prior conviction, must be pleaded in the indictment and found by a jury beyond a reasonable doubt. (Id. at 521.) As noted, however, this argument was advanced solely by two members of the Court, not by the majority, and is, therefore, not binding constitutional precedent. Finally, to the extent that Miles would have this court analyze statements made by individual justices in their various concurring and dissenting opinions with a view toward predicting the Supreme Court’s future pronouncements on Almendarez-Torres as a viable exception to Apprendi, I decline to wade into such speculative waters.
The Supreme Court’s holding in Apprendi itself, therefore, clearly requires this court to reject defendant’s principal argument in this case.
D. The Effect of Ring v Arizona on the Recidivist Exception to Apprendi
Subsequent to its decision in Apprendi, the Supreme Court decided Ring v Arizona (536 US 584 [2002]). In that case, the Court applied the reasoning of Apprendi to Arizona’s death penalty statute to determine the Sixth Amendment right to a jury trial in a capital prosecution. The Arizona law, which the Court had previously upheld against such a challenge in Walton v Arizona (497 US 639 [1990]), provided that following a jury’s adjudication of a defendant’s guilt of first degree murder, the trial judge must hold a nonjury sentencing hearing to determine the presence or absence of the aggravating factors required by Arizona law as prerequisites for imposition of the death penalty. Based upon testimony received at the sentencing hearing, but not during the trial before the jury, the sentencing judge had found the existence of aggravating factors beyond a reasonable doubt predominating over the mitigating circumstance and imposed a sentence of death.
Finding that Apprendi and Walton were irreconcilable, the Court reversed the conviction. It held that “[c]apital defendants, no less than noncapital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an *280 increase in their maximum punishment.” (Id. at 589 [emphasis added].) Rejecting the notion that a legislative labeling of an enhancing factor as a “sentencing factor” rather than as an “element of the crime” would be dispositive for Sixth Amendment analysis, the Supreme Court stated: “If a State makes an increase in a defendant’s authorized punishment contingent on the finding of a fact, that fact — no matter how the State labels it — must be found by a jury beyond a reasonable doubt.” (Id. at 602 [citation omitted].)
Defendant Miles, however, does not contend that the Supreme Court in Ring overruled Almendarez-Torres, nor could he: Ring had argued only that he was entitled to a jury’s findings on the aggravating circumstances claimed by the state in support of a death sentence. None of those aggravating circumstances related to past convictions, and Ring made no Sixth Amendment challenge to the Almendarez-Torres exception to Apprendi. (Ring v Arizona, supra, 536 US at 597 n 4.) Ring, therefore, notwithstanding the broad language of the opinion, adds little, if any, support to defendant’s argument that Almendarez-Torres has been overruled.
E. People v Rosen and Apprendi’s Application to New York’s Persistent Felony Offender Sentencing Scheme
In People v Rosen (supra), the New York Court of Appeals stated that New York’s discretionary persistent felony offender statute (Penal Law § 70.10) did not contravene a defendant’s Sixth and Fourteenth Amendment rights to a trial by jury under Apprendi. Of interest for present purposes, the Court observed that the prior felony convictions which had enhanced the defendant’s sentence in Rosen constituted “an explicitly noted exception to the general rule in Apprendi,” and that there was no constitutional error in a judicial finding of the fact of a prior conviction. (Id. at 334.)[5]
*281 The continuing validity of Rosen's analysis of Penal Law § 70.10 has been called into question by some lower federal and state courts in light of the Supreme Court’s language in Ring.* ****[6] Regardless of the continuing soundness of the Rosen court’s reasoning as to the discretionary persistent felony offender law, however, that Court’s holding that a defendant has no constitutional right to a jury trial to establish the facts of his prior convictions remains binding authority on this court in the absence of conflicting Supreme Court precedent, and also requires the denial of defendant’s motion in the instant case.[7] (Matter of Mason, 100 NY2d 56 [2003]; People v Kin Kan, 78 NY2d 54 [1991]; see People v Rawlins, 2 Misc 3d 1002[A], 2004 NY Slip Op 50074[U] [Sup Ct, NY County 2004, Berkman, J.]; People v Lee, NYLJ, Nov. 28, 2003, at 18, col 1 [Sup Ct, NY County 2003, Fried, J.].)
Furthermore, the Appellate Division cases which have squarely considered Apprendi challenges to section 70.08 have uniformly rejected them. In People v Feliciano (285 AD2d 371 *282 [1st Dept 2001], lv denied 96 NY2d 939 [2001]), the Appellate Division, First Department, expressly upheld the statute’s mandatory persistent violent felony offender sentencing scheme against an Apprendi challenge. The Court there stated: “The procedure under which defendant was sentenced as a persistent violent felony offender was not unconstitutional (see, People v Rosen, 96 NY2d 329; Almendarez-Torres v United States, 523 US 224; compare, Apprendi v New Jersey, 530 US 466).” (Id., 285 AD2d at 371-372.)
Similarly, in People v Cherry (282 AD2d 333 [1st Dept 2001], lv denied 96 NY2d 827 [2001]), a different panel of that Court held that the mandatory persistent violent felony offender procedure did not violate the constitutional strictures of Apprendi. (Accord, People v Melendez, 282 AD2d 409 [1st Dept 2001], lv denied 97 NY2d 685 [2001]; People v Wilkonson, 281 AD2d 373 [1st Dept 2001], lv denied 96 NY2d 926 [2001]; People v Grivas, 281 AD2d 346 [1st Dept 2001], lv denied 96 NY2d 901 [2001].) In Cherry, the Appellate Division rejected the same argument defendant advances here regarding the Apprendi court’s having overruled Almendarez-Torres. Additionally, upon defendant’s petition for habeas corpus relief in Cherry, the United States District Court for the Southern District of New York denied the writ, finding that “Cherry’s claim[s] that notice of his prior convictions were neither submitted to the jury nor alleged in the indictment are unpersuasive. There is no requirement that prior convictions be charged in an indictment before the court can enhance a sentence. See People v Rosen . . . .” (Cherry v Fischer, 2002 WL 2018522, *6, 2002 US Dist LEXIS 16398, *14 [SD NY 2002, Sweet, J.]; accord, Green v Herbert, 2002 WL 1587133, 2002 US Dist LEXIS 13108 [SD NY, July 18, 2002, Peck, J.].)
Rosen and the Appellate Division decisions discussed above were all rendered prior to the Supreme Court’s decision in Ring. Nonetheless, for the reasons stated, they continue to retain vitality for purposes of the instant motion.
In addition, the First Department has held in a decision rendered subsequent to Ring that regardless of whether or not Rosen’s analysis of the discretionary persistent sentencing statute conflicts with Ring, so long as the basis for a sentencing court’s determination comes within the channel of the recidivist exception permitted by Apprendi, even a discretionary persistent felony offender determination may be upheld. In People v Phillips (2 AD3d 278 [1st Dept 2003]), the Appellate Division so *283 held, where “the particular facts upon which the sentencing court based its determination were all permissible under Apprendi, in that they constituted facts found by the jury in the instant case, prior convictions and undisputed matters of record.” (Id. at 279.)
Such is the case in the instant matter. Here, the application of the enhanced sentencing law turned only on the fact of defendant’s two prior violent felony convictions (occurring within the previous 10 years, net of prison time), and, in accordance with Phillips, was permissible, under both Apprendi and Ring. Defendant does not dispute that both his instant offense and the two previous convictions alleged in the People’s predicate statement are violent felony offenses which may subject him to enhanced sentencing under Penal Law § 70.08.
Accordingly, absent any contrary controlling United States Supreme Court authority, this court is further bound by the holding of the First Department in Phillips as to prior convictions and undisputed matters of record, and defendant’s motion on this ground is denied.
F. Apprendi’s Application to the Statutory Tolling Provision
Defendant’s remaining claim, that the persistent violent felony sentencing scheme is violative of Apprendi because it may require a court to calculate periods during which defendant was incarcerated for purposes of the tolling provision of Penal Law § 70.08 (1) (b) and § 70.04 (1) (b) (v), is also without merit.
It is true that Apprendi does not precisely define which particular facts about a prior conviction need not be noticed in an indictment or established by a jury beyond a reasonable doubt. Nevertheless, as one court which has considered the issue has observed, certain facts about a conviction, such as the duration of the sentence and the length of a defendant’s incarceration, would appear to be “open, notorious and on a secure record, and are of the types of records that may be judicially noticed.” (People v Cephas, supra at *7 n 11.) As such they are possessed of substantial trustworthiness, emanating as they do from official court and correctional records. More importantly, their establishment involves no exercise of discretionary judgment by the court, and relate neither to the manner and circumstances of the commission of the crime, nor to the character and background of the defendant. In my view, the ministerial act of referencing such records in order to calculate the amount of time a defendant was incarcerated to determine the number of predicate violent felony convictions he has sustained over a 10- *284 year period is not the type of determination which is sufficiently divorced from fact-finding as to a prior conviction to bring it within the reach of Apprendi’s general rule requiring notice and a jury’s finding beyond a reasonable doubt.[8]
It must also be noted that at the sentencing hearing, defendant Miles did not challenge the People’s calculation of the application of the tolling provision to his two prior violent felony convictions. Accordingly, defendant’s motion on this ground is denied.
III. Conclusion
In sum, neither Apprendi nor any other controlling authority requires that the fact of defendant’s two prior convictions as set forth in the mandatory persistent sentencing scheme be noticed in an indictment or found by a jury beyond a reasonable doubt. Neither does Apprendi require that ministerial calculations based upon the official records of the duration of defendant’s incarceration be determined by a jury. Accordingly, this court holds that the mandatory persistent violent felony offender sentencing scheme of Penal Law § 70.08 meets all relevant constitutional standards under Apprendi v New Jersey.
For all of the foregoing reasons, defendant’s motion is denied in its entirety.

. The predicate statement incorrectly indicated that the first mentioned conviction occurred on November 13, 1989 (the date of sentence) and that the second conviction had occurred in New York County. The certificates of conviction and the defendant’s criminal history sheet from the Division of Criminal Justice Services reflect the facts as set forth in the text above, however.

. Defendant’s claim also sounds in due process, as one of his principal arguments here relies on the Supreme Court’s Fifth Amendment jurisprudence. (See Almendarez-Torres v United States, 523 US 224 [1998].) This opinion treats both arguments.

. On December 15, 2003, at the court’s request, defendant filed a memorandum of law in support of his oral motion. On February 11, 2004, the People filed a memorandum of law in opposition to defendant’s motion.

. The Supreme Court itself has suggested as much: “[U]nlike virtually any other consideration used to enlarge the possible penalty for an offense, and certainly unlike the factor before us in this case, a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.” (Jones v United States, supra, 526 US at 249.)

. Before it may impose a sentence under the discretionary persistent felony offender law, however, a sentencing court must make an additional finding not required under the mandatory persistent violent felony offender law, namely, “that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest.” (Penal Law § 70.10 [2]; cf. § 70.08 [2] [“When the court has found . . . that a person is a persistent violent felony offender the court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment”].) Following the affirmance of his case in the Court of Appeals and the denial of certiorari by the Supreme Court, Rosen petitioned for habeas corpus relief in the United States District Court for the Eastern District of New York. *281 In an unreported decision, the District Court issued the writ, holding that the additional factors which make a defendant eligible for an enhanced sentence under Penal Law § 70.10 cannot withstand constitutional scrutiny under Apprendi. (Rosen v Walsh, US Dist Ct, SD NY, July 17, 2003, Hellerstein, J., 02 Civ 7782, appeal pending US Cir Ct, 2d Cir, 03-2480.) In a case involving the mandatory violent persistent felony offender law, though, such considerations are absent.

. Several courts have questioned whether the decision of the New York Court of Appeals in People v Rosen (supra) is a reasonable application of Apprendi, with some noting the Supreme Court’s subsequent decision in Ring. (Besser v Walsh, 2003 WL 22801952, 2003 US Dist LEXIS 21474 [SD NY, Nov. 26, 2003, Peck, J.]; Rosen v Walsh, supra; Brown v Greiner, 258 F Supp 2d 68 [ED NY 2003, Gleeson, J.], appeal pending US Cir Ct, 2d Cir, 03-2242; see People v West, 2 Misc 3d 332 [Sup Ct, NY County 2003, Bradley, J.]; People v Cephas, 2003 NY Slip Op 51068[U] [Sup Ct, NY County 2003, Stone, J.].)

. The Rosen court made its finding in the course of rejecting the argument that the discretionary persistent felony offender enhancement provisions violated the right to trial by jury, thereby constituting a mode of proceedings error which was reviewable on appeal even in the absence of a timely objection before the sentencing court. (Rosen, supra, 96 NY2d at 333-334, citing, inter alia, People v Patterson, 39 NY2d 288, 295 [1976], affd 432 US 197 [1977] [holding that where the right to trial by jury is disregarded, an appellate court must reverse, even though the question has not been raised below].) The claim by defendant Miles that Rosen’s discussion of Apprendi is mere dictum is inaccurate. The Court’s holding on this issue was that the “ [defendant had no constitutional right to a jury trial to establish the facts of Jus prior felony convictions . . . [and thus] it is clear that there was no mode of proceedings error . . . .” (Id. at 335.) The Court reached the substantive Sixth Amendment question, as it had to, in order to resolve the procedural bar/mode of proceedings issue. As the issue had not been preserved by timely objection, the Court went no further.

. Additionally, to notice such periods of incarceration in an indictment and to require that they be found by a jury beyond a reasonable doubt could cause substantial prejudice to a defendant by revealing such information to a jury. (See Almendarez-Torres v United States, supra, 523 US at 234-235.)