■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD McDOWELL, Appellant. [790 NYS2d 121]—

Judgment, Supreme Court, New York County (William Wetzel, J., at pretrial hearing; Edwin Torres, J., at trial and sentence), rendered October 10, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, unanimously affirmed.

The court properly denied defendant's challenges for cause to two prospective jurors. A panelist who was acquainted with crime victims did not exhibit a state of mind that was likely to preclude her from rendering an impartial verdict based on the evidence adduced at the trial, and her use of the word "think" was not disqualifying (see People v Chambers, 97 NY2d 417, 419 [2002]; People v Feliciano, 285 AD2d 371 [2001], lv denied 96 NY2d 939 [2001]). With regard to the other panelist at issue, defense counsel asked a compound question, and when the panelist simply answered "yes," there was an ambiguity as to which part of the question she was addressing. In any event, her response to defense counsel's prior question on the same subject made it clear that she was qualified to serve as a juror.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The evidence established that the officer was able to observe the drug transaction by means of a television monitor, and that he made a reliable identification of defendant.

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Tom, Marlow, Gonzalez and Catterson, JJ.