People v Hernandez (2025 NY Slip Op 25135)

[*1]

People v Hernandez

2025 NY Slip Op 25135

Decided on June 10, 2025

Supreme Court, New York County

Newbauer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 10, 2025
Supreme Court, New York County

The People of the State of New York,

against
Billy Hernandez, Defendant.

Ind. No. 72799-22

Kevin Ryan, Assistant District Attorney, Manhattan District Attorney's Office
Ben Rutkin-Becker, Center for Appellate Litigation, Attorney for Defendant

April A. Newbauer, J.

Defendant Billy Hernandez has moved for an order pursuant to Criminal Procedure Law § 440.20 to set aside his sentence of sixteen years to life imprisonment.[FN1]
The motion is predicated on the United States' Supreme Court's decision in Erlinger v. United States, 602 U.S. 821 (2024). On March 30, 2023, Mr. Hernandez pled guilty to one count of attempted assault in the first degree in violation of Penal Law §110/120.10, one count of attempted assault in the second degree in violation of PL § 110/120.05(2), and one count of criminal possession of a weapon in the second degree in violation of PL § 265.03(3) to satisfy three indictments. This court sentenced him, as a mandatory persistent violent felony offender, to a sentence of sixteen years to life in prison. Hernandez claims that the sentence is unlawful because the sentence was based on tolling calculations not determined by a jury.
Procedural History
Defendant Hernandez was arrested on March 29, 2022, and arraigned the next day on two counts of criminal possession of a weapon in the second degree (PL § 265.03(1)(b), § 265.03(3)) and one count of reckless endangerment in the first degree (PL § 120.25). On July 8, 2022, the defendant was indicted on these charges (IND 72799-22). On August 8, 2022, the defendant was arraigned on IND 72799-22 and pled not guilty. The People had filed a statement of two or more predicate violent convictions on July 18, 2022.
On June 21, 2022, Hernandez was arrested again and arraigned the next day, June 22, 2022, on two separate, additional cases. He was arraigned on the following charges: one count of attempted murder in the second degree (PL § 110/125.25(1)), two counts of assault in the first degree (PL § 120.10(1), § 120.10(2)), one count of robbery in the second degree (PL § 160.10(2)(a)), and one count of robbery in the third degree (PL § 160.05). On June 24, 2022, [*2]Hernandez was indicted on these charges (IND 72676-22), along with one additional count of criminal possession of a weapon in the third degree (PL § 265.02(1)). On July 21, 2022, the defendant was arraigned on this indictment and pled not guilty. At the arraignment, the People filed a predicate felony statement. On March 30, 2023, the defendant waived a third indictment and was arraigned on Superior Court Information (SCI-71542-23), charging him with one count of attempted assault in the second degree (PL § 110/120.05(2)). During that arraignment, the People once again filed a predicate violent felony statement.
The predicate statement alleges that Hernandez had been convicted on January 9, 1992 of attempted robbery in the second degree (PL § 110/160/10(1)) and sentenced the same day, and that he was convicted on October 26, 1995, of assault in the first degree (PL § 120.10(1)) with sentencing on February 15, 1996. The statement noted that the ten-year period described in PL § 70.06(1)(b)(v) was extended due to the defendant's periods of incarceration (i.e. "tolling"). During the defendant's plea allocution to resolve all of his open cases on March 30, 2023, he was arraigned on the predicate felony statement. The clerk read the statement in its entirety and said to the defendant: "Mr. Hernandez, if you wish to dispute or challenge the charges made in the statement, you must do so now, if you do not, it will be deemed admitted by you. Take a moment, confer with your attorney and let me know when you're ready." Ex. D, p. 14. After a brief pause, the following conversation occurred between the clerk and the defendant:
THE CLERK: After conferring with your attorney, do you wish to dispute or challenge the charges made in the statement?
THE DEFENDANT: No.
THE CLERK: Do you wish to challenge the constitutionality of the convictions?
THE DEFENDANT: No.
THE CLERK: Do you admit that you are the person named in the statement.
THE DEFENDANT: Yes.
Id. at p. 15. 
On May 11, 2023, Hernandez received the promised sentence of sixteen years to life in prison. 
Legal Analysis
In June of 2024, the United States Supreme Court handed down the decision in Erlinger v. United States, holding that the defendant had the right under the Fifth and Sixth Amendments of the United States Constitution to have a jury decide whether or not his previous criminal acts qualified as predicate offenses under 18 U.S.C. § 924, also known as the Armed Career Criminal Act (ACCA). More specifically, the Court noted ACCA "imposes lengthy mandatory prison terms on certain defendants who have previously committed three violent felonies or serious drug offenses on separate occasions." See id. at 825. In Erlinger, the defendant argued that a unanimous jury was required to find that he had previously committed three qualifying felonies and on separate occasions, and that the jury must find this beyond a reasonable doubt. The court explained that the rule established in Apprendi v. New Jersey, 530 U.S. 466 (2000)—that any fact capable of increasing a defendant's penalty above the maximum must be found by a jury beyond a reasonable doubt—also applied to the facts of this defendant's prior convictions and on what occasions they occurred. Id. Furthermore, the court clarified that the "narrow exception" to the prohibition on judicial fact-finding—established in Almendarez-Torres v. United States, [*3]523 U.S. 224 (1998), and encompassing only "the fact of a prior conviction" itself—could not be expanded any further. See Erlinger v. United States, 602 U.S. 821, 823 (2024) (citing Alleyne v. United States, 570 U.S. 99, 111 (2013)).
Erlinger was a sweeping decision. Justice Gorsuch, writing for the majority, said the Court has "repeatedly cautioned" that trial and sentencing practices must remain within the guard rails of the Fifth and Sixth Amendments to the Constitution; that the principles of Apprendi v. New Jersey were "firmly entrenched" in our jurisprudence; and that Almendarez-Torres is at best "an outlier." 602 U.S. at 823, 833. There is no doubt that the Court intended this opinion to apply broadly to almost any fact-based sentencing decision. In the months that have elapsed since Erlinger, multiple New York courts have found that the high court's conclusion in Erlinger extends to any fact determinative of a defendant's adjudication as a predicate felon—that is any fact other than the mere existence of one or more prior convictions. See e.g. People v. Sabater, 225 NYS.3d 563 (Sup. Ct. NY Cty., 2024) (Mandelbaum, J.); People v. Lopez, 2024 WL 357008, *1 (Sup. Ct. NY Cty., 2024) (Conviser, J.); People v. Banks, 85 Misc 3d 423, 425 (Sup. Ct. NY Cty., 2024) (Mandelbaum, J.). This view is far from unanimous though; as recently as May 28, 2025, the Queens County Supreme Court held that "[t]he facts necessary to determine tolling under the New York State persistent violent felony sentencing scheme continue to fall within the Almendarez-Torres exception to Apprendi." People v. Berry, 2025 Slip Op 50859 (Sup Ct, Queens Cty) (Yavinsky, J.). The court in Berry drew a distinction between "facts concerning the manner in which the instant or underlying offense was committed" and other facts concerning the existence of a conviction, arguing the latter encompassed tolling determinations and fell under the Almendarez-Torres exception—even after Erlinger. Id. See also People v. Harnett, Ind. 71922/22 (Sup Ct, NY Cty, 2024) (Fabrizio, J.). The court in People v. Berry noted that the Court of Appeals has repeatedly found the New York persistent felony scheme to be constitutional, and that the exception to Apprendi as found in Almendarez-Torres was applicable. However, that reasoning falls short when considering the analysis employed in Erlinger. Although the Supreme Court stopped just short of overruling Almendarez-Torres, it signaled its intention to treat that case as a lone exception to the general rule.[FN2]

The reasoning in Sabater, Lopez, and Banks, is more persuasive to this court,[FN3]
 and as in [*4]those cases, the issue here is Erlinger's effect on the determination of tolling. The reasoning in Erlinger dictates that tolling determinations for the purpose of predicate felony adjudications must be made by a jury, not a judge. Accordingly, this court rejects the People's assertion that the holding in Erlinger, "does not extend to the distinct inquiry under New York law about a defendant's prior periods of incarceration." Affirmation in Opposition to Defendant's Motion, p. 20.
The defendant argues that, but for the tolling determination made by the sentencing court, he would not have been subject to enhanced sentencing as a persistent violent felony offender. In considering the instant case, however, it is important to note that Lopez, Sabater, and Banks were in different procedural postures at the time the Erlinger challenge was brought. In Lopez, the defendant had pled guilty but had not yet been sentenced at the time Erlinger was decided. In Sabater, the defendant had been sentenced prior to Erlinger, but the People had conceded that "their previously filed predicate violent felony statement was facially insufficient." Sabater, 225 NYS.3d at 566 (Sup. Ct. NY Cty., 2024) (Mandelbaum, J.). In Banks, the defendant was convicted at a trial but had not yet been sentenced when Erlinger was decided. Here, defendant Hernandez pled guilty, was adjudicated a predicate felon, and was sentenced, all over a year before the Supreme Court decided Erlinger. 
Erlinger does not apply retroactively to sentences that have become final. See People v. Rodney, 224 N.Y.S.3d 332 (Sup. Ct. NY Cty., 2024) (Mandelbaum, J. 2024). As the defendant in the matter before the court notes, he has not yet perfected his appeal. For this reason, his conviction has not become final and applying Erlinger to his sentence is not a retroactive application. See Griffith v. Kentucky, 479 U.S. 314 (1987).
Yet Hernandez may not benefit from Erlinger, because at the time of his arraignment on the predicate felony statement, he waived his potential constitutional challenge to his adjudication as a predicate felon when he failed to raise any such challenge. A defendant can waive a constitutional right provided the record shows "an intentional relinquishment or abandonment of a known right or privilege." People v. Harris, 61 NY2d 9, 17 (1983) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938). The defendant argues that he did not intentionally and knowingly waive his rights to make this challenge because, "a defendant cannot knowingly waive a right that state-statutory law declares nonexistent." Reply Memorandum of Law, p. 2. While the court agrees that the defendant could obviously not have waived his rights conferred by a later opinion, existing case law before Erlinger permitted him to request a jury trial to determine his predicate adjudication. Apprendi v. New Jersey, 530 U.S. 466 (2000), decided nearly a quarter-century before Erlinger, held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Although it was Erlinger that explicitly held that the Almendarez-Torres exception was to be very narrowly construed, even with regard to recidivist laws, Apprendi established a defendant's right to demand that a jury decide any facts beside the existence of prior convictions. Indeed, as the defendant's own papers admit "under Apprendi, the jury right applied to the tolling issue." [*5]Motion to Set Aside Sentence, p. 4. 
In the years since Apprendi, "state and lower federal courts have repeatedly wrestled with whether particular determinations constitute the mere exercise of traditional sentencing discretion within the range of statutorily prescribed sentences or, instead, findings of 'facts' that increase the penalty for a crime beyond the statutory maximum." People v. Banks, 85 Misc 3d 423, 425 (Sup. Ct. NY Cty., 2024) (Mandelbaum, J.). In this period of time, defendants made similar arguments to the one the defendant makes now. See, e.g., People v Miles, 5 Misc 3d 271 (2004) (Sup. Ct. NY Cty., 2004) (Kahn, J.) ("[D]efendant sought a ruling from this court that the mandatory persistent violent felony sentencing scheme of Penal Law § 70.08 is unconstitutional, and contending that it violates the notice and jury trial requirements of the Sixth and Fourteenth Amendments to the United States Constitution under Apprendi v. New Jersey (530 US 466 (2000)). As the Court explained, in
With the passage of time, and accelerating in earnest in the 20th century, various governments in this country sought to experiment with new trial and sentencing practices. See Mistretta v. United States, 488 U.S. 361, 363—367, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); Williams v. New York, 337 U.S. 241, 247—248, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); see also P. Tappan, Sentencing Under the Model Penal Code, 23 Law & Contemp. Prob. 528, 529—532 (1958). But in case after case, this Court has cautioned that, while some experiments may be tolerable, all must remain within the Fifth and Sixth Amendments' guardrails.
Erlinger v. United States, 602 U.S. at 832.
Defendant Hernandez was aware or should have been aware of the Apprendi jurisprudence and raised a constitutional challenge to the tolling determination made during his sentencing and his subsequent adjudication as a predicate felon. The People timely filed a predicate felony statement during each of the defendant's three arraignments on the two indictments and the SCI. The defendant and his attorney had several months before he was sentenced but after the predicate felony statement was filed to review it and raise any potential challenges. During his arraignment on March 30, 2023, on the predicate statement, the defendant was asked if he wished to "challenge the constitutionality of the convictions." Id. Since he failed to do so during sentencing, he cannot now belatedly raise the constitutional challenge.
The conclusion this court has come to differs somewhat from the argument made by the People in their motion papers. The People argue the defendant should be procedurally barred from raising this challenge to his sentencing because he "not only failed to contest any of the factual allegations contained in the [predicate felony] statements . . . he affirmatively admitted that the factual allegations in the statements were true." Reply Memorandum of Law, p. 13. This argument misconstrues the nature of the defendant's challenge: a defendant may challenge the constitutionality of his adjudication as a predicate felon, asserting that this determination must be made by a jury, without disputing the accuracy of the factual allegations contained in the predicate statement. The People make much of the defendant's failure to dispute the factual allegations contained in the predicate statement, arguing that this omission is what distinguished the instant case from People v. Lopez and People v. Banks, 85 Misc 3d 51 (Sup. Ct. NY Cty., 2004) (Mandelbaum, J.). However, neither opinion contains any discussion of whether the defendant admitted or did not admit to the factual allegations in the predicate statement. 
Conclusion
Because the defendant failed to raise a constitutional challenge at his sentencing pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), the motion to vacate the sentence and for resentencing is denied. This is the decision and order of the court.
E N T E R
Dated: June 10, 2025
New York, New York
April A. Newbauer
Acting Supreme Court Justice

Footnotes

Footnote 1:Prior to issuing this decision, the court reviewed the court file, previous motions and decisions, and the following papers:
Motion to Set Aside Sentence, Exhibits A - F
Affirmation in Opposition to Defendant's Motion
Reply Memorandum of Law

Footnote 2:This court must also view the Second Circuit's analysis in Portolatin v. Graham, 624 F3d 69 (2d Cir 2010), as lacking any weight after Erlinger, and the court wrongly veered away from applying Erlinger in People v. Berry when looking to Portolatin v. Graham for persuasive guidance. State courts have arguably made the same error post NY State Rifle & Pistol Ass'n v. Bruen, 597 US , 142 S Ct 2111(2022), when assessing standing to challenge the licensing statute, applying People v. DeCastro, 682 F.3d 160 (2nd Cir. 2012), to analyze standing, when that case took a decidedly wrong view of D.C. v Heller, 554 U.S. 570, 128 S. Ct. 2783 (2022), according to the Supreme Court's later determination in Bruen.

Footnote 3:This court is largely in agreement with the reasoning of the court in Sabater, Lopez, and Banks. However, this court disagrees with the sentiment expressed in Banks that, "under current law, it has no power to hold a criminal jury trial on the sole question of when defendant was previously incarcerated." Id. at 442. Although courts have no inherent power to convene a jury for the sole purpose of a tolling determination, courts may retain a trial jury past the conclusion of the trial and seek a jury determination of tolling for the purpose of sentencing the defendant after a finding of guilt.