(July 27, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY WILSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 9, 1977, upon a verdict convicting defendant of the crimes of robbery in the first degree, burglary in the second degree, escape in the first degree and unlawful imprisonment in the first degree, and sentencing him to indeterminate terms of life imprisonment with a minimum period of imprisonment of 25 years as a persistent felon. On August 16, 1976, defendant, an inmate of the Great Meadow Correctional Facility, who had been transported to the Albany Medical Center for medical treatment, escaped from the custody of a New York State Corrections Officer at the medical center. He then proceeded to 133 Dana Avenue, Albany, New York, where he broke into the apartment of Thomas Charbonneau and stopped Charbonneau from fleeing from the apartment by yelling "Don't move, I have a gun". He then caused Charbonneau to lie on the floor, and tied him up with the telephone wire. He then took about $30 in cash, a watch, a class ring, and put on some of Charbonneau's clothes. Defendant then decided to make some telephone calls, and caused Charbonneau to accompany him to the 119 Club about a block away. After making some telephone calls, and having a couple drinks, they returned to Charbonneau's apartment. Shortly thereafter, two friends of Charbonneau's came to the apartment and, after a short conversation, they left. A few minutes later a police officer appeared at the apartment, whereupon defendant locked himself and Charbonneau in the bathroom where he held a razor at Charbonneau's neck, and caused the police officer to leave the apartment. The defendant then looked for a way out and, taking a knife from the kitchen and holding it at Charbonneau's throat, went out the back door and proceeded to the apartment occupied by Bisera Filipova and her son. While there, he made telephone calls and negotiated with the police through a window while holding the knife at Charbonneau's throat. When police officers produced a paper purporting to transfer him from Great Meadow to Fishkill, defendant surrendered. On September 2, 1976, he was indicted and charged with robbery in the first degree, burglary in the second degree, escape in the first degree, and unlawful imprisonment in the first degree. After a trial held on March 23, 1977, he was found guilty on all counts, and on June 9, 1977, he was sentenced to two indeterminate terms of of life imprisonment with a minimum period of imprisonment of 25 years as a persistent felon. Defendant now raises the following objections: (1) the failure of the trial court to follow the procedures set forth in CPL 400.20 in sentencing defendant as a persistent felony offender requires a reversal; (2) the sentences imposed are excessive and unconstitutionally harsh; (3) the verdict of the jury of guilty as to the crime of robbery in the second degree, and unlawful imprisonment in the first degree was contrary to the weight of the evidence; (4) it was error for the trial court to refuse to charge the lesser included offense of escape in the second degree; (5) it was error for the trial court to refuse to charge the lesser included offense of unlawful imprisonment in the second degree; (6) the conviction of unlawful imprisonment in the first degree should be vacated on the ground that it merged with the other crimes; (7) it was error for the trial court to refuse to charge the lesser included crime of robbery in the third degree. None of these objections have any merit except for the first objection. As to this objection, there was a complete failure by the trial court to follow the procedures mandated by CPL 400.20 in imposing sentence as a persistent felony offender. CPL 400.20

requires the court to order a hearing to determine whether a defendant should be sentenced as a persistent felon, and further requires that the order set forth a statement of the dates and places of the previous felony convictions and the factors in the defendant's background, and prior criminal conduct which the court deems relevant for the purpose of sentencing the defendant as a persistent felon. Notice of the hearing must also be given by the clerk of the court to defendant, his counsel, and the District Attorney, and such notice must be accompanied by a copy of the statement of the court. The order must also specify a date for the hearing not less than 20 days from the date the order is filed. In this case, the proceedings were initiated by the District Attorney and the moving papers contained only a statement of the prior felony convictions. In the absence of any statement as to the defendant's background and character, the offered opportunity to defendant to controvert the "special information" was meaningless, and the presentment of this information at the time of sentencing, precluded defendant from having a valid hearing on his background and character, as well as the nature and circumstances of his prior criminal conduct which are factors to be considered by the court in arriving at a determination to impose a sentence as a persistent felony offender *(People v Blackwell,* 32 AD2d 732). Judgment modified, on the law and the facts, by vacating the sentence; matter remitted for resentencing in compliance with CPL 400.20; and, as so modified, affirmed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.