■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v OLIVER GIOLA WEST, JR., Respondent. [783 NYS2d 473]—

Order, Supreme Court, New York County (John A.K. Bradley, J.), entered October 23, 2003, which granted defendant's motion, pursuant to CPL 440.20, and vacated his sentence as a persistent felony offender, finding the persistent felony offender statutory scheme unconstitutional, unanimously reversed, on the law, and defendant's sentence of two concurrent terms of from 15 years to life imprisonment is reinstated.

Defendant was convicted in 1984 of one count of first-degree rape and one count of first-degree sodomy. He was adjudicated, after a hearing, as a persistent felony offender, pursuant to CPL 400.20, based upon two prior felony convictions, and he was sentenced to concurrent prison terms of from 15 years to life imprisonment on each count. In July of 2003, defendant moved for an order setting aside his sentence pursuant to CPL 440.20 on the basis that the New York persistent felony offender scheme is unconstitutional under *Apprendi v New Jersey* (530 US 466 [2000]). The court improperly granted defendant's motion. In *People v Rosen* (96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]), the Court of Appeals made an authoritative interpretation of the state statutory scheme regarding persistent felony offenders, finding the statutes in question constitutional. We need not decide whether *Rosen* conflicts with *Ring v Arizona* (536 US 584 [2002]), because the particular facts upon which the sentencing court appeared to have based its determination were all permissible under *Apprendi*, in that they constituted facts found by the jury, defendant's prior convictions and matters of record. Accordingly, defendant's sentence did not violate *Apprendi v New Jersey* (530 US 466 [2000]). Concur—Buckley, P.J., Mazzarelli, Friedman, Gonzalez and Catterson, JJ. [*See* 2 Misc 3d 332.]