■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RIZZI, Appellant. [838 NYS2d 561]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered March 18, 2005, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The court properly denied defendant's mistrial motion, in which he alleged that, in summation, the prosecutor made arguments unsupported by evidence, "vouched" for a witness, and misstated the law. We conclude that the prosecutor drew reasonable inferences from the record and made appropriate arguments as to why the witness's testimony should be credited (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]). The prosecutor did not mislead the jury on the law relating to first-degree robbery; in any event, defendant was acquitted of that charge. Defendant's remaining challenges to the prosecutor's summation are unpreserved, and we decline to

review them in the interests of justice. Were we to review these claims, we would find no basis for reversal.

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. The record establishes that although defendant has a disability, he is still capable of committing crimes of violence. In adjudicating him a persistent felony offender, the court did not make any factual findings that were constitutionally impermissible under *Apprendi v New Jersey* (530 US 466 [2000]). In *People v Rivera* (5 NY3d 61, 70-71 [2005], *cert denied* 546 US 984 [2005]), the Court of Appeals interpreted the statutory scheme so as not to require "additional factfinding beyond the fact of two prior felony convictions . . . If, for example, a defendant had an especially long and disturbing history of criminal convictions, a persistent felony offender sentence might well be within the trial justice's discretion even with no further factual findings." Here, defendant's adjudication was constitutional because the court based it solely on prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]), facts found by the jury in the instant case, and the court's discretionary evaluation of the seriousness of defendant's criminal history. Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.