■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY DUDLEY, Appellant. [873 NYS2d 42]—

Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered December 14, 2006, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

Following this Court's modification of defendant's original judgment convicting him of murder (31 AD3d 264 [2006], *lv denied* 7 NY3d 866 [2006]), Supreme Court adjudicated him a persistent felony offender. This adjudication was a proper exercise of the court's discretion, and was neither unconstitutional nor defective under state law.

The adjudication procedure did not violate *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny. The Court of Appeals has interpreted the statutory scheme so as not to require "additional factfinding beyond the fact of two prior felony convictions" (*People v Rivera*, 5 NY3d 61, 70 [2005], *cert denied* 546 US 984 [2005]). Defendant's adjudication was constitutional because the court based it solely on prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]), facts found by the jury in the instant case, and the court's discretionary evaluation of the seriousness of defendant's criminal history. The court did not make additional findings of fact, and, under the *Rivera* interpretation of the statute, no such findings were required.

Similarly, we conclude that the court's order directing a persistent felony offender hearing was proper. The factors which the court found relevant in directing the hearing, as set forth in the information filed by the People and relied upon by the court, were sufficient to satisfy CPL 400.20 (3), even though they essentially constituted a recitation of defendant's lengthy and

serious criminal record. As noted, under *Rivera*, a court may properly exercise its discretion and sentence a defendant as a persistent felony offender without making any findings of fact beyond the defendant's criminal history.

Defendant's argument that in making its adjudication the court improperly considered factors that had not been brought out at the hearing is unpreserved (*see People v Proctor*, 79 NY2d 992, 994 [1992]), and we decline to review the issue in the interest of justice. As an alternative holding, we also reject it on the merits. The factors at issue were appropriate components of a sentencing court's proper exercise of its discretion (*see People v Rivera*, 5 NY3d at 70). Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.