Abdus-Salaam, J.
(concurring in People v Hawkins, concurring in part and dissenting in part in People v Giles). As the Court correctly disposes of defendants’ post-verdict motions in these cases, I concur with its memorandum decision in full in People v Hawkins and in part in People v Giles. In Giles, I dissent from the Court’s decision to uphold defendant’s sentence because the trial court made additional fact-findings essential to elevate defendant’s punishment beyond the maximum authorized by the jury’s verdict, in violation of the United States Supreme Court’s Apprendi line of cases (see Apprendi v New Jersey, 530 US 466, 490 [2000]).
Under the familiar Apprendi rule, “[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt” (United States v Booker, 543 US 220, 244 [2005]; see Apprendi, 530 US at 490). Therefore, where a sentencing statute places a defendant in an entirely different sentencing range based on certain facts, those facts, other than the existence of a prior conviction, must be found by the jury rather than the judge (see Cunningham v California, 549 US 270, 275 [2007]; Booker, 543 US at 234-244). But once the jury has found the facts that place the defendant within a particular statutory sentencing range, the court may exercise its traditional discretion to fashion a particular sentence within the range based on a variety of factual considerations related to the defendant’s background and crimes (see Southern Union Co. v United States, 567 US —, —, 132 S Ct 2344, 2353 [2012]; Cunningham, 549 US at 288-293).
Under Penal Law § 70.10 and CPL 400.20, a court must make two findings of fact before it can impose a sentence within the *1074 heightened range specified for persistent felony offenders. First, the court must find, pursuant to the procedures laid out in CPL 400.20, that the defendant “is a persistent felony offender” because he or she “stands convicted of a felony after having previously been convicted of two or more felonies” (Penal Law § 70.10 [1] [a]; see Penal Law § 70.10 [2]; CPL 400.20 [1]). “[A]nd,” second, the court must be “of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest” (Penal Law § 70.10 [2]; see CPL 400.20 [1]). To reach the essential and self-evidently fact-driven “opinion,” the court “must then make such findings of fact as it deems relevant to the question of whether a persistent felony offender sentence is warranted” (CPL 400.20 [9]). The People need only prove the existence of the aggravating background and circumstances factors by a preponderance of the evidence (see CPL 400.20 [5]).
This recitation of the statutory terms suffices to show that the relevant statutes violate the Apprendi rule. Although the first essential finding of the existence of the defendant’s prior convictions is not subject to Apprendi’s prohibition (see Booker, 543 US at 244; Almendarez-Torres v United States, 523 US 224, 239-247 [1998]), Apprendi and its progeny bar the sentencing judge from making the second requisite finding that the defendant’s character, history and criminal conduct warrant enhanced sentencing. Because neither a jury verdict nor a guilty plea encompasses the second fact-finding that is a prerequisite to punishment under an elevated statutory sentencing range, the persistent felony offender sentencing statutes improperly require a judge, as opposed to a jury, to find additional facts essential to the defendant’s punishment beyond the maximum authorized by a guilty verdict or plea. On its face, then, the persistent felony offender sentencing scheme violates the Apprendi rule, and those who, like defendant Giles, are sentenced under that scheme are entitled to vacatur of their sentences.
I acknowledge that we have consistently rejected Apprendi challenges to the statutes at issue, basically reasoning that the statutes do not make a judicial fact-finding about the defendant’s character and background a prerequisite for enhanced sentencing but rather entail a mere exercise of traditional judicial discretion to place the defendant within a single broad sentencing range authorized solely by his or her prior felonies (see People v Rivera, 5 NY3d 61, 69 [2005]; People v Rosen, 96 *1075 NY2d 329, 334-336 [2001]). But as explained in detail by the partial dissent in People v Battles (16 NY3d 54 [2010]), that interpretation of the New York sentencing regime is no more able to shield it from constitutional challenge than was the California courts’ dubious interpretation of the sentencing scheme invalidated by the Supreme Court in California v Cunningham (see Battles, 16 NY3d at 62-68 [Lippman, Ch. J., dissenting in part]).
Indeed, that is so because the rationale for our prior decisions in this area largely proceeds from a flawed assumption clearly rejected by the Supreme Court in Cunningham. Under that assumption, the sentencing court supposedly does not unlawfully increase the defendant’s maximum punishment by selecting a heightened sentencing range based on facts other than the existence of the defendant’s prior and current convictions instead of choosing a sentencing range based solely on the aforementioned convictions. In either case, the argument goes, the court is really just making a discretionary choice of where to sentence the defendant within a single expanded range encompassing both the range authorized by the convictions and the one authorized by the additional facts (see id.; see also Cunningham, 549 US at 289-293). As the Supreme Court and the Battles dissent observed, this theory does not withstand close scrutiny because the relevant statutory maximum authorized by the jury’s verdict and the defendant’s convictions remains distinct from the one authorized by the supposedly discretionary judicial fact-findings, and “broad discretion to decide what facts may support an enhanced sentence, or to determine whether an enhanced sentence is warranted in any particular case, does not shield a sentencing system from the force of [the Supreme Court’s] decisions” (Cunningham, 549 US at 290; see Battles, 16 NY3d at 66-68).
Aside from relying on the discredited rationale espoused in People v Rosen and People v Rivera, we maintained in People v Quinones (12 NY3d 116 [2009]) that
“[u]nlike the sentencing schemes in Apprendi, Ring, Blakely, Booker and Cunningham, all of which effectively provided for judicial fact-finding of an elements) of an offense as a prerequisite to enhancing a sentence beyond the relevant sentencing range, the New York sentencing scheme, after a defendant is deemed eligible to be sentenced as a persistent felony offender, requires that the sentencing court *1076 make a qualitative judgment about, among other things, the defendant’s criminal history and the circumstances surrounding a particular offense in order to determine whether an enhanced sentence, under the statutorily prescribed sentencing range, is warranted.” (Quinones, 12 NY3d at 130 [additional emphasis added].)
But whatever the merit of this elements-related rationale at the time we decided Quinones and, later, Battles, the Supreme Court has recently rejected it and emphasized that a jury, rather than a judge, must find any fact necessary to increase the defendant’s punishment beyond the maximum authorized by a jury verdict or guilty plea, whether or not the fact in question is deemed an essential element of the relevant offense (see Southern Union Co., 567 US at —, 132 S Ct at 2356). Specifically, in Southern Union Co. v United States, the Court rebuffed the government’s argument that Apprendi barred only a judicial finding of separate wrongful acts deserving of punishment and not findings of facts that merely quantify the harm caused by the offense found by the jury, as the Court concluded that there is no “constitutionally significant difference between a fact that is an ‘element’ of the offense and one that is a ‘sentencing factor’ ” (567 US at —, 132 S Ct at 2356). Thus, taken together, Cunningham and Southern Union have demolished the two central pillars of our decisions in Battles and its predecessors.
As federal law has evolved, our Apprendi precedents have devolved into hollow and discredited words supporting a clearly unconstitutional sentencing framework. Therefore, in People v Giles, I would annul the relevant Penal Law and CPL provisions requiring the sentencing court to make fact-findings about defendant’s history, his character and the nature of his criminal conduct, vacate defendant’s sentence and remit to Supreme Court for resentencing.