Smith, J.
(concurring). I join the majority memorandum, and add some comments on each case.
I
In People v Hawkins, I agree with Judge Pigott that a court has power, in a proper case, to entertain a motion under CPL 440.10 even where the motion is made before the entry of judgment — i.e., to overlook the technical defect that the motion is premature. I agree with the majority, however, that the motion in Hawkins cannot be treated as a CPL 440.10 motion, because the proper procedures were not followed.
II
The main purpose of this concurrence is to respond to Judge Abdus-Salaam’s dissenting opinion in People v Giles.
A
In Apprendi v New Jersey (530 US 466 [2000]) and a number of later cases, the United States Supreme Court held that, under *1069 the Due Process Clause of the Fourteenth Amendment to the Federal Constitution, a defendant’s sentence may not be enhanced beyond what would otherwise be its maximum term on the basis of facts that are not found by a jury beyond a reasonable doubt. One exception has been recognized: under Almendarez-Torres v United States (523 US 224 [1998]), a case left undisturbed by Apprendi (530 US at 489-490) and never subsequently overruled, “the fact of a prior conviction” may be found by a judge (Apprendi, 530 US at 490).
In People v Rosen (96 NY2d 329, 335 [2001]) we interpreted New York’s persistent felony offender statute (PFO statute) to make prior convictions “the sole determinate” of whether a defendant is eligible for enhanced sentencing. We reaffirmed and explained the holding of Rosen in People v Rivera (5 NY3d 61 [2005]) and People v Quinones (12 NY3d 116, 122-131 [2009]) (see also People v Battles, 16 NY3d 54, 59 [2010]; People v Bell, 15 NY3d 935, 936 [2010]).
It seems to me that the statute as we have interpreted it is unquestionably valid under Apprendi and Almendarez-Torres. Indeed, an en banc panel of the United States Court of Appeals for the Second Circuit has unanimously agreed that the statute is constitutional on its face (Portalatin v Graham, 624 F3d 69 [2d Cir 2010]; see id. at 100 [Winter, J., dissenting]). Whether we correctly interpreted the statute in Rosen and later cases is a different question. I admit that that question — one of New York, not federal, law — is fairly debatable, but I am somewhat puzzled that the debate continues after all these decisions and all these years.
B
The substantive part of the PFO statute is found in section 70.10 of the Penal Law. A persistent felony offender is defined as anyone (other than a persistent violent felony offender, see Penal Law § 70.08) “who stands convicted of a felony after having previously been convicted of two or more felonies” (Penal Law § 70.10 [1] [a]). Penal Law § 70.10 (2) authorizes a court that has found a person to be a persistent felony offender to impose the sentence authorized for a class A-I felony when the court “is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest.”
The PFO statute also includes procedural provisions, contained both in the Penal Law and in the Criminal Procedure *1070 Law. Under CPL 400.20, an enhanced sentence may not be imposed unless, “based upon evidence in the record of a hearing held pursuant to this section,” the court has found that the defendant is a persistent felony offender and “is of the opinion” contemplated by Penal Law § 70.10 as to defendant’s history and character and the nature and circumstances of his conduct (CPL 400.20 [1]). In directing a hearing, the court must annex to and file with its order the dates and places of the convictions that render the defendant a persistent felony offender and “[t]he factors in the defendant’s background and prior criminal conduct which the court deems relevant for the purpose of sentencing the defendant as a persistent felony offender” (CPL 400.20 [3]). The burden of proof at the hearing is on the People (CPL 400.20 [5]). Defendant’s status as a persistent felony offender must be proved beyond a reasonable doubt, but “[m]atters pertaining to the defendant’s history and character and the nature and circumstances of his criminal conduct may be established by any relevant evidence . . . and the standard of proof with respect to such matters shall be a preponderance of the evidence” (id.). If the court chooses the enhanced sentence “the reasons for the court’s opinion shall be set forth in the record” (Penal Law § 70.10 [2]).
If the PFO statute were read — as it could be — to mean that a court may impose an enhanced sentence only after it has found, in a nonjury proceeding, facts “pertaining to the defendant’s history and character and the nature and circumstances of his criminal conduct,” it would raise serious problems under Apprendi. Mindful of our obligation to adopt, where possible, an interpretation that renders a statute constitutional, we held in Rosen, and have several times reaffirmed, that that is not what the statute means. We said in Rosen:
“It is clear from the . . . statutory framework that the prior felony convictions are the sole determinate of whether a defendant is subject to enhanced sentencing as a persistent felony offender. Then, the court must consider other enumerated factors to determine whether it ‘is of the opinion that a persistent felony offender sentence is warranted’ (CPL 400.20 [9]). As to the latter, the sentencing court is thus only fulfilling its traditional role — giving due consideration to agreed-upon factors — in determining an appropriate sentence within the permissible statutory range.” (96 NY2d at 335.)
*1071 In Rivera, we explained and expanded on Rosen’s holding:
“We could have decided Rosen differently by reading the statutes to require judicial factfinding as to the defendant’s character and criminal acts before he became eligible for a persistent felony offender sentence. If we had construed the statutes to require the court to find additional facts about the defendant before imposing a recidivism sentence, the statutes would violate Apprendi. But we did not read the law that way. Under our interpretation of the relevant statutes, defendants are eligible for persistent felony offender sentencing based solely on whether they had two prior felony convictions. Thus, as we held in Rosen, no further findings are required.” (5 NY3d at 67.)
Once again in Quinones, responding to an argument that the PFO statute was unconstitutional under Cunningham v California (549 US 270 [2007]), we said:
“[Defendant argues that New York’s discretionary persistent felony offender sentencing scheme suffers from the same constitutional infirmity as [the California statute in Cunningham] because the ‘higher persistent felony offender range cannot be imposed without the judicially-found fact that the “nature and circumstances” of the criminal conduct and the “history and character” of the defendant warrant lifetime supervision in the public interest.’ Defendant’s view of New York’s sentencing scheme is inaccurate. . . .
“New York’s sentencing scheme ... is a recidivist sentencing scheme. That is, under New York’s scheme, a defendant is subject to an enhanced sentence based solely on the existence of two prior felony convictions. . . . [I]t is only after a defendant’s eligibility for an enhanced sentence is determined that a judge is given the discretion to choose the appropriate sentence within a sentencing range prescribed by statute.” (12 NY3d at 125, 128-129.)
In short, as we have read the PFO statute, it might as well say: “A defendant with two prior felonies may, in the court’s discretion, be sentenced as provided by law for a class A-I felony. In exercising its discretion, the court shall take into account such facts as it deems relevant pertaining to the defendant’s *1072 history and character and the nature and circumstances of his criminal conduct.” Such a statute poses no arguable problem under Apprendi. It enhances the statutory maximum solely on the basis of prior convictions, as Almendarez-Torres permits, and allows the sentencing judge to do what sentencing judges normally do — to choose, in his or her discretion, a sentence equal to or less than the statutory maximum. Perhaps it is unusual to require, as the PFO statute does, that the court conduct an evidentiary hearing, governed by specified burdens of proof, to find the facts that it deems relevant to the exercise of its discretion, and to set forth the reasons for its discretionary decision on the record. But these requirements, unusual or not, are not unconstitutional.
The decision of the Second Circuit in Portalatin confirms that the constitutionality of the PFO statute as we have interpreted it is beyond fair doubt. In Portalatin, the en banc court, by a vote of 9-3, vacated the previous opinion of a three judge panel (Besser v Walsh, 601 F3d 163 [2d Cir 2010]) and denied the habeas corpus petitions of three New York prisoners who claimed that their sentences under the PFO statute violated Apprendi. For present purposes, what I find most significant in Portalatin is that all 12 judges agreed on the facial constitutionality of the statute. While Besser, the panel opinion, can be read as holding the PFO statute unconstitutional on its face, the Portalatin dissenters (including two of the three judges who decided Besser) conceded that any such holding would be incorrect. Judge Winter said: “my colleagues have successfully defended the PFO statute against a facial attack by showing that the predicate felonies may alone justify a Class A-I sentence” (624 F3d at 100 [dissenting op]).
The Portalatin dissenters disagreed with the majority only as to whether the statute had been unconstitutionally applied to the cases before them (see id. at 95).
In short, Rosen and later cases interpret the PFO statute in a way that eliminates any serious question about its constitutionality under Apprendi. Whether we were correct as a matter of New York law to adopt that interpretation is a different, and fairly debatable, question. Certainly, in choosing that interpretation, we were influenced, as we should be, by a desire to save the constitutionality of the statute (see McKinney’s Cons Laws of NY, Book 1, Statutes § 150; Tauza v Susquehanna Coal Co., 220 NY 259, 267 [1917, Cardozo, J.] [“A statute must be construed, if fairly possible, so as to avoid not only the conclu *1073 sion that it is unconstitutional but also grave doubts upon that score” (quoting United States v Jin Fuey Moy, 241 US 394, 401 [1916])]). I think we were right.
It is possible, however, to argue that we went too far, and did not merely interpret the statute but rewrote it in order to save it (see Shechtman, Is Persistent Felony Offender Statute Constitutional?, NYLJ, Jan. 4, 2011). Essentially this argument has been ably made by three dissenting Judges in two of our prior cases (see Rivera, 5 NY3d at 71-76 [Kaye, Ch. J., dissenting]; id. at 76-83 [Ciparick, J., dissenting]; Battles, 16 NY3d at 59-68 [Lippman, Ch. J., dissenting]), and it is ably made again by Judge Abdus-Salaam today. But I respectfully suggest that, at this late date, the question should be considered settled.